Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 West State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone:  (208) 333-0702
Facsimile:  (208) 246-8655
Email: courtservice@idalawyer.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLENE HULET JOHNSON ROYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPEARS MANUFACTURING COMPANY, a corporation registered and doing business in the State of Idaho,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Mrs. Charlene Royce ("Mrs. Royce" or "Plaintiff") for causes of action arising from employment-related discrimination and wrongful termination pursuant to the Equal Opportunity for Individuals with Disabilities Act and Americans With Disabilities Act, 42 U.S.C. 12112 *et seq*. ("ADA") and the Idaho Human Rights Act, I.C. § 67-5909 *et. seq.*("IHRA").

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Charlene Royce is and at all material times has been a resident of Jerome, Idaho. Mrs. Royce worked as an employee for Spears Manufacturing Company until her wrongful

**ROYCE COMPLAINT AND DEMAND FOR JURY TRIAL**
 - 1

termination on June 16, 2022.

2.  Defendant Spears Manufacturing Company is a Nevada corporation registered and doing business in the State of Idaho with a physical business location at 2152 S Lincoln Ave, Jerome, ID 83338. Spears's registered service agent is CT CORPORATION SYSTEM, 921 S Orchard St., Ste G., Boise, ID 83705.

3.  This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. The Plaintiff asserts federal subject matter jurisdiction pursuant to 42 U.S.C. 12112 *et seq.*

4.  This Court has supplemental jurisdiction of the state law claims and tortious causes of action asserted herein pursuant to 23 U.S.C. § 1367.  The factual basis of the state law claims brought under the Idaho Human Rights Act and tortious conduct are identical to the operative facts underlying the federal claims.

5.  Venue is proper pursuant to 28 U.S.C § 1391, as all Defendants reside in the State of Idaho, and all acts or omissions occurred within the judicial district of the United States District Court for the District of Idaho.

6.  Charlene Royce filed a charge of discrimination with the Idaho Human Rights Commission and the U.S. Equal Employment Opportunity Commission on June 20, 2022. The IHRC granted Mrs. Royce a Notice of Right to Sue on February 6, 2023. The U.S. Equal Employment Opportunity Commission granted a Notice of Right to Sue on March 1, 2023. Less than ninety days have elapsed and Mrs. Royce has exhausted all administrative remedies.

## II.  GENERAL STATEMENT OF FACTS

7.  Mrs. Royce worked for Spears Manufacturing at its Jerome manufacturing facility. Prior to January 8, 2021, Mrs. Royce worked as the sitting forklift operator within the plant's "Barcode" department.

**ROYCE COMPLAINT AND DEMAND FOR JURY TRIAL**
 - 2

8. On January 8, 2021, Mrs. Royce was injured after suffering a tear in the cartilage of her right shoulder and right rotator cuff. The injury constituted a physical impairment that substantially limited one or more major life activities, including lifting, pushing, pulling and moving her right arm, and reduced her ability to perform manual lifting functions.

9. Mrs. Royce's physical impairment constitutes a "disability" as defined under 42 U.S.C. § 12102 and Idaho Code § 67-5902(15).

10. Over the course of Mrs. Royce's approximately twenty-one years working for Spears Manufacturing Company, Mrs. Royce has suffered prior disabilities and injuries. Mrs. Royce thereby has a "record of' disability" for purposes of 42 U.S.C. §12102 and Idaho Code § 67-5902(15).

11. Following the January 8, 2021 tear in her rotator cuff, Spears Manufacturing reasonably accommodated Mrs. Royce by modifying her duties and responsibilities and placing her on light duty from January 2021 until she underwent a shoulder surgery in October 2021.

12. Mrs. Royce's ability to perform her duties assigned to her with reasonable accommodations demonstrates Mrs. Royce was a "qualified individual" as defined by 42 U.S.C. § 12111(8).

13. Mrs. Royce returned to work after her surgery on or about November 16, 2021. At such time, she was qualified and capable of completing all essential functions as operator of the sitting forklift, and therefore was a qualified individual. Mrs. Royce requested to return to operation of the sitting forklift.

14. However, rather than return Mrs. Royce to her customary position as the sitting forklift driver, Spears Manufacturing modified her duties to perform other physical labor tasks, including cleaning and inspection of equipment. Mrs. Royce also worked in the assembly department operating heavy machinery.

15. During doctors' appointments on both March 2, 2022 and April 27, 2022, Mrs. Royce's

doctors affirmed her physical ability to operate the sitting forklift. Despite her doctors' releases, Spears Manufacturing unreasonably denied Mrs. Royce's requests to perform the essential functions of the sitting forklift operator.

16. Spears Manufacturing's rejection of Mrs. Royce's reasonable request to operate the sitting forklift, despite having actual and/or constructive knowledge that the manual labor assigned to her caused her pain, was discriminatory adverse action because of her disability.

17. Despite the physical challenges, Mrs. Royce nevertheless continued to perform the essential work duties assigned to her, and therefore remained a qualified individual.

18. On or about June 8, 2022, Mrs. Royce's doctor, Dr. Wright, determined that she had reached maximum medical improvement and that Mrs. Royce would have permanent impairments in her right shoulder. Nevertheless, Mrs. Royce continued to be able to perform the essential functions of both her former duties as the sitting forklift operator, as well as the work functions assigned to her since her return to work in November 2021.

19. Spears Manufacturing refused to grant Mrs. Royce's reasonable request to return to operation of the sitting forklift. Despite the unreasonable adverse action, Mrs. Royce continued to work and perform the essential functions of the duties assigned to her.

20. On or about June 16, 2022, Mrs. Royce arrived to work in the morning (approximately 7:30 AM) and continued to perform the essential functions of the duties assigned to her.

21. Without prior warning, Mrs. Royce was called into a meeting with supervisor Louis Filas and plant manager Bud Condee. Mr. Condee terminated Mrs. Royce from employment.

22. Spears Manufacturing terminated Mrs. Royce because of her physical disability and claimed she could not perform the essential functions of her job (despite actively working and performing her job duties just moments before being terminated). Spears Manufacturing therefore discriminatorily

"regarded" Mrs. Royce as disabled and unable to work.

23.   Spears Manufacturing's adverse termination was motivated by Mrs. Royce's actual, record of, and/or "regarded as" disabilities, and constitutes discrimination in violation of the ADA and IHRA.

24.   Mrs. Royce has suffered damages as a result of Spears Manufacturing Company's discrimination and wrongful termination, including lost wages and employment benefits, future lost wages and benefits, as well as general damages of emotional distress and loss of enjoyment of life.

### III. CAUSES OF ACTION

### COUNT ONE:

**Violations of the Equal Opportunity for Individuals with Disabilities Act and Americans With Disabilities Act, 42 U.S.C. 12112 *et seq*. ("ADA")**

25.   Plaintiff realleges and incorporates by reference all paragraphs set forth above.

26.   Plaintiff had a "disability" as defined by 42 U.S.C. § 12102, including an actual disability, a record of disability, and was "regarded" as disabled and unable to work.

27.   Defendants discriminated against Plaintiff when they took adverse employment actions, including denial of Mrs. Royce's requests for reasonable accommodations. Mrs. Royce requested reasonable accommodations such as being returned to her duties as the sitting forklift operator, reasonable job restructuring and modifications regarding marginal functions such as manual lifting, and simply continuing to work while performing the same essential functions she performed continuously from approximately November 15, 2021 until she was terminated.

28.   Spears discriminatorily terminated Mrs. Royce because of her disabilities.

29.   As a direct and proximate result of Defendants' discrimination and wrongful termination, Mrs. Royce suffered damages, including but not limited to lost salary and wages, loss of past and future employment benefits and retirement benefits, attorney's fees, expert fees, court costs, and

severe emotional distress and other non-economic damages.

30. Spears Manufacturing's discrimination against Mrs. Royce was willful, intentional, and/or with reckless indifference to Mrs. Royce's civil rights under the ADA. Mrs. Royce requests punitive damages be awarded to deter future misconduct against similarly situated disabled employees pursuant to 42 U.S.C. § 1981a.

## COUNT TWO:

### Violation of the Idaho Human Rights Act, Idaho Code Section 67-5909 *et seq*. ("IHRA")

31. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

32. Plaintiff had a "disability" as defined by Idaho Code § 67-5902(15), including an actual disability, a record of disability, and was "regarded" as disabled and unable to work.

33. Spears Manufacturing discriminated against Plaintiff by unreasonably denying Plaintiff's reasonable and readily achievable requests for accommodation, including job restricting and modifications of marginal functions. Spears Manufacturing denied Mrs. Royce the opportunity to perform job duties she was fully qualified to perform, such as operation of the sitting forklift.

34. Spears discriminatorily terminated Mrs. Royce because of her disabilities.

35. As a direct and proximate result of Defendants' discrimination, Charlene Royce has suffered damages, including but not limited to actual damages, lost wages, loss of employment benefits and retirement benefits, lost future earning capacity, attorney's fees, expert fees, court costs, and severe emotional distress and other non-economic damages.

## IV. ATTORNEY'S FEES

36. As a result of the discriminatory, unlawful and outrageous conduct of the Defendant, set forth more particularly above, the Plaintiff was required to obtain the services of an attorney to represent his interests. Plaintiff is entitled to be awarded attorney's fees, litigation expenses and costs, and

expert fees pursuant to, 42 U.S.C. § 12205, 42 U.S.C. § 12117(a), Idaho Code § 12-120, and Idaho Rule of Civil Procedure 54.  A reasonable attorney's fee is $400.00 per hour for Jeffrey J. Hepworth, and $275.00 per hour for J. Grady Hepworth, which may increase under customary market rates over the course of litigation.

## V. DEMAND FOR TRIAL BY JURY

37. Plaintiff demands trial by jury pursuant to the Seventh Amendment of the United States Constitution, Idaho Const. Art. I, Sec. 7, and Fed. R. Civ. P. Rule 38 for all claims alleged herein.

## VI. REQUEST FOR LEGAL RELIEF

WHEREFORE, Plaintiff Charlene Royce requests judgment against Defendants as follows:

a). For past and future lost wages and employment benefits in an amount to be determined at trial by jury, but which are continuous and ongoing;

b) For noneconomic damages, including pain, suffering, and emotional distress;

c) For punitive damages arising from Defendants' willful, intentional, and/or with recklessly indifferent discrimination on the basis of Plaintiffs' disability;

d) For reinstatement to a full-time position at the rate of pay not less than his previous hourly rate, plus benefits and job protection and/or future lost wages instead of reinstatement;

e). For reinstatement of full fringe benefits and seniority rights;

f) For an award of interest (both pre- and post-judgment) at the highest lawful rate pursuant to 28 U.S.C. § 1961, I.C. § 28-22-104, and relevant state and federal law;

g) Equitable compensation for adverse tax treatment arising from a lump-sum award of lost wages;

**ROYCE COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

h)   For an award of court costs, including expert witness fees as appropriate, and attorney fees in an amount to be determined at the customary contract rate at the time of judgment.

*PLAINTIFF DEMANDS TRIAL BY JURY*

DATED this 4ʰ Day of May 2023.

HEPWORTH LAW OFFICES

By  /s/ J. Grady Hepworth
    Jeffrey J. Hepworth
    J. Grady Hepworth
    *Attorneys for Charlene Royce*

**ROYCE COMPLAINT AND DEMAND FOR JURY TRIAL
- 8**