UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLENE HULET JOHNSON ROYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPEARS MANUFACTURING COMPANY, a corporation registered and going business in the state of Idaho,<br><br>Defendant. | Case No. 1:23-cv-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Charlene Royce's motion to strike (Dkt. 28) and motion for an extension of time to complete discovery (Dkt. 29). For the reasons discussed below, the Court will deny the motion to strike and grant in part and deny in part the motion for an extension of time.

## BACKGROUND

This case arises from Ms. Royce's employment at Spears Manufacturing's facility in Jerome, Idaho. *Pl.'s Stmt. of Facts* at 2, Dkt. 31-1; *Def. Stmt. of Facts* at ¶¶ 4, 37, Dkt. 27-2. Ms. Royce worked as a stock handler at the Jerome facility

MEMORANDUM DECISION AND ORDER - 1

until June 2022 when Spears Manufacturing terminated her employment. After injuring her shoulder, Ms. Royce received shoulder surgery that left her with permanent weight limitations. *Royce Decl.* at ¶¶ 15, 24–25, Dkt. 31-2; *Grodan Decl.*, Ex. F, Dkt. 32. Based on these limitations, Spears Manufacutring determined she was no longer able to perform her job duties.

Ms. Royce filed the present action alleging disability discrimination in May 2023. *Compl.*, Dkt. 1. The defendant provided its initial disclosures in July 2023, which disclosed Bud Condee, Louis Filas, and Tony Schroeder as individuals likely to have discoverable information. *Hepworth Decl.*, Ex. 1, Dkt. 28-2. Nearly a year later, in May 2024, Ms. Royce served her first set of discovery requests, which Spears Manufacturing responded to in July 2024. *Hepworth Decl.*, Exs. 2, 4, Dkt. 28-2. Relevant here, interrogatories numbers nine and ten requested the names of the individuals primarily responsible for operating the forklift, and specifically that Spears Manufacturing "identify every person who has operated the seated forklift at the Spears Manufacturing facility in Jerome, Idaho between the time period of January 8, 2021 through the date of trial." *Id.* Spears Manufacturing objected to this interrogatory as seeking irrelevant information, being overbroad, and overly burdensome. *Id.* It did not identify any current or former employees. *Id.* The parties met and conferred regarding this (among other) objections, but never

**MEMORANDUM DECISION AND ORDER - 2**

reached out to the Court to attempt to resolve the dispute pursuant to the Court's discovery dispute procedures.

Rather, in August 2024, Spears Manufacturing indicated it would shortly serve supplemental responses to the plaintiff's request. *Hepworth Decl.*, Ex. 8, Dkt. 28-2. The supplemental responses to interrogatories numbers nine and ten listed four names: Ken Ryder, Louann Bolton, Jesse Gill, and Rudy Garcia. *Hepworth Decl.*, Ex. 9, Dkt. 28-2. These supplemental responses, however, were not provided until September 6, 2024, just over a month before the October 11, 2024 deadline for the close of discovery. *Am. Scheduling Order*, Dkt. 25. Although there was sufficient time to do so, Ms. Royce did not seek to depose any of the newly disclosed individuals.

Spears Manufacturing filed a motion for summary judgment October 2024, which included declarations from Ken Ryder, Robert Kirkelie, and Richard Forbes. *See* Dkt. 28. Ms. Royce objects to Spears Manufacturing's use of these declarations because none of these individuals were disclosed as potential witnesses. She seeks to strike all three declarations, or in the alternative, additional time to complete discovery to depose Mr. Ryder and the fourteen undisclosed witnesses. Spears Manufacturing opposes both motions.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

### A.   Motion to Strike

Ms. Royce's motion to strike is brought pursuant to Rule 37(c) which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion." Fed. R. Civ. P. 37(c)(1). Rule 26(a) sets forth the required disclosures and Rule 26(e) imposes an ongoing obligation to supplement any disclosure under Rule 26(a) or in written discovery when that disclosure is incomplete or incorrect. Red. R. Civ. P. 26(a), (e).

### B.   Motion to Extend Time

Federal Rule of Civil Procedure 56(d) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). As the Ninth Circuit has explained:

> A party seeking to delay summary judgment for further discovery must state what other *specific* evidence it hopes to discover and the relevance of that evidence to its claims. In particular, the requesting party must show that: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

**MEMORANDUM DECISION AND ORDER - 4**

*Stevens v. CoreLogic, Inc.*, 899 F.3d 66, 678 (9th Cir. 2018) (cleaned up).

## ANALYSIS

The Court will first address Ms. Royce's motion to strike the Kirkelie and Forbes declarations. It will then turn to Ms. Royce's motion to strike, or in the alternative for additional time to complete discovery, as it relates to the Ryder declaration and the 14 undisclosed stock handlers.

### A.     Kirkelie and Forbes Declarations

The declarations submitted by Mr. Kirkelie and Mr. Forbes only serve to authenticate documents already produced in discovery that Spears Manufacturing relies on in its motion for summary judgment. Spears Manufacturing argues that there is no basis to strike these declarations because the nondisclosure of these witnesses is harmless. The Court agrees.

Courts in the Ninth Circuit have concluded that the "failure to disclose witnesses whose sole purpose is to authenticate documents the plaintiff knew about it harmless." *Dykezeul v. Charter Commc'ns, Inc.*, 2021 WL 4522545, at *4 (C.D. Cal. Feb. 3, 2021). The Ninth Circuit, in an unpublished opinion, reached the same conclusion. *Lam v. Cty and Cnty of San Francisco*, 565 Fed. Appx. 641, 643 (9th Cir. 2014). Ms. Royce does not claim she did not know about the documents or otherwise dispute the authenticity of the documents. The Court will therefore

exercise its discretion to consider the Kirkelie and Forbes declarations.[1] Ms. Royce's motion to strike these declarations is denied.

## B. Ryder Declaration

Ms. Royce asks the Court to strike the declaration submitted by Mr. Ryder or, in the alternative, extend the time to complete discovery to take Mr. Ryder's deposition. At the outset, the Court will not strike Mr. Ryder's declaration. Rule 26 imposes an ongoing obligation on parties to "supplement or correct" its initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). For one, Spears Manufacturing supplemented its initial disclosures on October 2, 2024, before the close of discovery, to include Mr. Ryder as a potential witness. Moreover, Mr. Ryder was "made known" to Ms. Royce during the discovery process when Spears Manufacturing served its supplemental discovery responses. Accordingly, there is

---

[1] Ms. Royce's reply brief argues that these declarations are "replete with inadmissible hearsay." *Reply Br.* at 2, Dkt. 35. Her arguments as to the admissibility of the evidence included in the declarations were not raised in her initial motion to strike (which focused exclusively on the failure to disclose the witnesses), so the Court will not address those arguments now. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

no basis to strike the declaration.

Ms. Royce argues that even if the Court does not strike the declaration, it should extend the time for discovery to allow her to depose Mr. Ryder. "To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

Counsel explains that additional time is needed to depose Mr. Ryder because Spears Manufacturing did not disclose him as a potential witness until just before the close of discovery and his affidavit contradicts the testimony of Spears Manufacturing's 30(b)(6) witness. *Hepworth Decl.* at 4, Dkt. 29-2. Counsel further explains that the requested deposition of Mr. Ryder would provide additional information about the physical requirement of the stock handler position. *Id.* This information is essential to oppose summary judgment because a central issue is what constitutes the essential function of stock handlers. Mr. Hepworth's declaration meets, but just barely, the requirements of Rule 56(d). However, given

**MEMORANDUM DECISION AND ORDER - 7**

the importance of the facts underlying Mr. Ryder's declaration to summary judgment, the Court will grant a limited extension of the time to complete discovery.

Accordingly, the Court will extend discovery for three weeks from the issuance of this order. The deposition of Mr. Ryder shall last no longer than 2 hours and shall be conducted by Zoom if necessary to accommodate the deadline. Each party shall submit a supplemental brief limited to the additional evidence obtained during that deposition. That supplemental brief shall not exceed 5 pages and shall be filed within one week from the date that Mr. Ryder's deposition transcript is prepared. The motion for summary judgment will be taken under advisement following the submission of those briefs.

### C. 14 Undisclosed Stock Handlers

In addition to deposing Mr. Ryder, Ms. Royce also seeks to extend the time to complete discovery to depose the "14 unidentified Spears Manufacturing employees who are currently responsible for operating the seated forklift on a rotating basis." *Motion to Extend* at 1, Dkt. 29. The Court will deny this request. Ms. Royce has not explained what information these 14 witnesses would have and why their testimony is essential to opposing summary judgment. The existence of these 14 employees was disclosed during the 30(b)(6) deposition of Tony Castro.

**MEMORANDUM DECISION AND ORDER - 8**

This deposition took place on September 17, 2024. *See Grodan*, Ex, B, Dkt. 27-3. Ms. Royce was aware of the existence of these employees during the discovery period and did not seek to depose them during that period and, importantly, did not adhere to this Court's discovery dispute procedures to obtain this disclosure. The Court will not permit Ms. Royce to re-open discovery that she chose not to pursue, particularly where Spears Manufacturing does not rely on any information from these employees. Accordingly, Ms. Royce's motion to extend the time to complete discovery is granted in part and denied in part.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Strike (Dkt. 28) is **DENIED**.

2. Plaintiff's Motion to Extend the Time to Complete Discovery (Dkt. 29) is **GRANTED IN PART AND DENIED IN PART**.

3. The time to complete discovery is extended for three weeks following the issuance of this order and solely for the limited purpose of deposing Mr. Ryder. The deposition of Mr. Ryder shall last no longer than 2 hours and shall be conducted by Zoom if necessary to accommodate the deadline.

4. Each party shall submit a supplemental brief limited to the additional evidence obtained during that deposition. That supplemental brief shall not exceed

**MEMORANDUM DECISION AND ORDER - 9**

5 pages and shall be filed within one week from the date that Mr. Ryder's deposition transcript is prepared. The motion for summary judgment will be taken under advisement following the submission of those briefs.

DATED: January 24, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10